THE CINCINNATI RAILROAD OMNIBUS COMPANY V. LOUISE
E. TAHSE.

1. When a wagon is moving along the street of a city with a rope
   trailing behind, the law raises a presumption that it is due to
   the negligence of the owner or his agent, and the burden of
   proof is upon the defendant to remove such presumption of
   negligence.
2. Such presumption is not conclusive on the subject of negligence,
   however, and if the defendant shows by a preponderance of
   the testimony that it exercised the care that an ordinarily pru-
   dent person would have exercised with regard to the rope,
   the presumption of negligence is overthrown, and it is the duty
   of the jury to find for the defendant. But if the defendant
   does not remove this presumption by a preponderance of testi-
   mony that such care was used, then it is the duty of the jury
   to find the defendant guilty of negligence.
3. A charge to the jury that the plaintiff is entitled to "full com-
   pensation," instead of "reasonable compensation," is correct.
   *Pittsburg L. & E. R. R. Co.* v. *Congwahr,* 22 W. L. B. 280,
   282 (affirmed by the Supreme Court), followed.

HOSEA, J.; FERRIS, J., concurs; PFLEGER, J., concurs in
the result, but not fully in the reasons.

This case comes into this court from the Special Term,
upon a number of assignments of error and on overwhelm-
ing list of citations in the briefs of counsel. The facts
in the case are substantially as follows:

One of the defendants' wagons, in charge of a driver
and employed in transferring baggage to and between
the railway stations in Cincinnati, while passing along
Fifth street westwardly, one evening after dark, had at-
tached to and dragging after it upon the ground a rope
about fourteen feet long, used ordinarily in tying trunks
upon the wagon when piled up in quantities. People at
that hour were hurrying homeward after the labors of
the day; and the defendant, being momentarily detained
by the wagon as it passed over the crossing at the east
side of Vine street going westwardly, attempted to cross

the street immediately behind the wagon. In so doing she was caught and thrown down by the rope, which, in some way, became fastened about her ankle, and was dragged some distance, and sustained injuries of an extremely serious nature, and of a permanent character.

The petition, filed by plaintiff, alleged the circumstances above narrated and averred that she was injured by the negligence of defendant in permitting a rope to trail behind the wagon in the street. The answer was a general denial.

The charge of the court contained the following, to which exception is taken:

"When a wagon is moving along the street of a city with a rope trailing behind, the law raises a presumption that it is due to the negligence of the owner or his agent, and the burden of proof is upon the defendant to remove such presumption of negligence.

"Such presumption is not conclusive on the subject of negligence, however, and if the defendant shows you by a preponderance of the testimony that it exercised the care that an ordinarily prudent person would have exercised with regard to the rope, the presumption of negligence is overthrown and your duty is to find for the defendant. But if the defendant does not remove this presumption by a preponderance of the testimony that such care was used, then it is your duty to find the defendant guilty of negligence."

We agree with the court below that, under circumstances such as those detailed, the law raises a presumption of negligence. Negligence is a relative quality differing according to the degree of obligation as to care which an ordinarily prudent man would exercise under differing circumstances. But, as a probative fact, negligence is always an inference from facts put in evidence, as contrasted with a fact which is the subject of direct proof; and under some circumstances the facts may call for legal as distinct from logical deduction. *Railway Company* v. *Murphy*, 50 O. S., 135, 143.

This is well illustrated in an earlier case in which a brakeman was killed through breaking of a defective brake-

rod while in the performance of his duty. The court, toward the close of an extended discussion, says:

"Carelessness on the part of a common carrier being as material a fact as the injury received by the passenger, to authorize a recovery when both are denied, it is as incumbent on the plaintiff alleging both to prove one as well as the other. In proving the injury, the plaintiff may—and often does—prove such circumstances under which the injury was received, as raises a presumption of carelessness or negligence; and in such case the burden of disproving the presumption by explaining the circumstances so as to render their existence consistent with the absence of negligence would devolve upon the defendant." *R. R. Co.* v. *Webb,* 12 O. S., 475, 496.

Unquestionably, at the time and place, and under the circumstances shown in the present case, the dragging of the rope behind the wagon was an element of danger since it was a thing likely to cause injury to pedestrians. It was not a usual or necessary appendage to a wagon and consequently nothing to be looked for or avoided by passersby; and in the present case. by reason of the darkness, could not be seen. The thing that happened was a contingency so likely to occur as made it very clearly the duty of the driver in charge of the wagon to take due care not to permit the rope to drag; and particularly so, in a crowded street at night, where the danger was more imminent. The duty of one in charge under such circumstances, arises out of the maxim, *Sic utere tuo ut non alienum laedas;* and the fact that the rope did drag and did produce the injury, taken in connection with such duty, raises a presumption of carelessness or negligence because these were facts from which negligence reasonably follows and would be presumed. It is obvious that if the duty had been properly performed, the accident would not have occurred. 63 O. S., 236, 250, *R. R. Co.* v. *Marsh.*

But the force of the presumption was open to the defendant to rebut; and the evidence to this end being offered, it was for the jury to say whether the counter-evidence did or did not avail to this end. This was properly

presented to the jury by the charge in question; and we perceive no error therein.

The only other point urged at the hearing was as to the use of the phrase, "full compensation" instead of "reasonable compensation," in the charge. In view of *Pittsburgh, L. E. & R. Rd. Co.* v. *Congwahr,* 22 W. L. B., 280-283 (affirmed by the Supreme Court), the objection is not well taken.

Upon the whole record, as we find no error to the prejudice of defendant, the judgment must be affirmed; and it is so ordered.

Judgment affirmed.

*Jones & James,* for plaintiff in error.

*R. M. Ochiltree, Albert Bettinger* and *J. M. Riddell,* contra.